CHARLES A. WINDBIEL, APPELLANT, *v.* JOHN M. CARROLL, AS EXECUTOR, AND MARY CARROLL, AS EXECUTRIX, ETC., OF DAVIS L. CARROLL, DECEASED, RESPONDENTS.

*Payment under mistake of fact — what is not.*

Plaintiff purchased certain real estate subject to a mortgage owned by defendant, and assumed its payment. Upon settling with defendant, plaintiff claimed that a payment of some $200 had been made by the mortgagor, which was not credited on the bond; which was denied by the defendant. Plaintiff said that he would pay the amount claimed, but would at once commence an action to recover back the over-payment. Plaintiff having accordingly made the pay-

ment, brought this action to recover the money as paid under a mistake of fact, and produced a receipt for $164.66, paid by the mortgagor to the defendant, and not credited on the bond.

*Held,* that as plaintiff paid the money with full knowledge of all the facts, he could not maintain this action.

Ignorance of the means of proving a fact is not ignorance of the fact.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

Xavier Misselbeck and Mary, his wife, executed and delivered to Davis L. Carroll, defendants' testator, their bond conditioned to pay the sum of $1,200, with their mortgage accompanying the same. Thereafter Xavier and Mary conveyed said real estate to Charles Windbiel, this plaintiff, subject to the lien of this mortgage, he assuming the payment of the same. Both Misselbeck and the plaintiff had made payments on said bond before such conveyance to Windbiel. On June 10, 1876, the plaintiff paid the balance claimed by the testator, Dr. Carroll, seven hundred and ten dollars and some cents. At that time plaintiff claimed there had been paid upon such bond and mortgage two sums which had not been credited thereon, one of $90.30 and the other of $164.66, together $254.96. And to recover said two sums so alleged to have been over-paid, this action was brought. On the trial, plaintiff produced a receipt for $164.66, given by Davis L. Carroll to Xavier Misselbeck, which amount was not allowed to the plaintiff when he made the above-mentioned payment on the bond and mortgage.

*Z. S. Westbrook,* for the appellant.

*W. L. Van Denbergh,* for the respondents.

LEARNED, P. J.:

When the plaintiff paid up the mortgage to Dr. Carroll, he "claimed it was not right and that there was not so much due." He claimed that there had been an over-payment of $200 more than the doctor had credited him on the bond and mortgage. He said that he would pay the mortgage and would commence an action against the doctor to recover it back. There was a dispute between the plaintiff and the doctor about the amount

due. And the plaintiff, when he paid the bond and mortgage, told the doctor that he would ascertain whether he had overpaid him, and if he had taken out of him more than was due, he would sue him.

This is the testimony of the plaintiff's own witness, and it is not contradicted. Two or three days afterwards the plaintiff commenced this action. The plaintiff, therefore, when he paid the bond and mortgage, knew (or believed) that he was paying more than was owing. The very fact on which he now seeks to recover was known to him and insisted upon by him at that time, and he made the payment with the intention of suing to recover part of it back again. What he has since discovered (as he claims) is not the fact that $200 more than was credited had been paid, but only the means of proving that fact.

Ignorance of a fact is one thing; ignorance of the means of proving a fact is another. When money voluntarily paid is recovered back, it is because there was a mistake as to some fact. But here the plaintiff was not mistaken as to the fact. Only at the time he did not know how to prove it. The subsequent discovery of evidence to prove a fact, known to the party when he makes the payment, cannot authorize a recovery back of the money. Such a principle would be most dangerous.

I think the judgment should be affirmed, with costs.

BOCKES, J., concurred; BOARDMAN, J., dissented.

Judgment affirmed, with costs.